**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16cv336-FDW**

| | | |
|---|---|---|
| MARION EDWARD PEARSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CYNTHIA THORNTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Marion Edward

Pearson, Jr.'s pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No.

1). Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. No. 2.)

**I.      BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on September 21, 1998, was

indicted by a Burke County Grand Jury on four counts of first-degree rape, two counts of first-

degree sexual offense, two counts of first-degree burglary, and one count of robbery with a

dangerous weapon. On January 11, 2000, Petitioner tendered an Alford plea to two counts of

second-degree rape as part of a plea agreement. Pursuant to his plea agreement, Petitioner

reserved the right to challenge the trial court's pretrial orders denying his motions to suppress

non-testimonial evidence.

He appealed to the North Carolina Court of Appeals, and in a published opinion filed

August 21, 2001, a majority panel of that court, concluded that the trial court did not err in

denying Petitioner's motions to suppress. State v. Pearson, 551 S.E. 2d 471 (N.C. Ct. App.

2001). Petitioner noted an appeal of right to the Supreme Court of North Carolina based upon

the dissenting opinion and a substantial constitutional question.  The court agreed to consider

only those issues forming the basis of the dissenting opinion from the North Carolina Court of

Appeals, and in a unanimous opinion filed June 29, 2002, the Supreme Court of North Carolina

affirmed Petitioner's convictions.  State v. Pearson, 566 S.E. 2d 50 (N.C. 2002).  Petitioner's

subsequent pro se petition for writ of certiorari filed in the United States Supreme Court was

denied on January 13, 2003.  Pearson v. North Carolina, 537 U.S. 1121 (2003).

On June 22, 2001, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Burke

County Superior Court.  (Pet. 3, Doc. No. 1.)  The Superior Court appointed counsel for

Petitioner and held an evidentiary hearing on his claims September 13-16, 2004.  The Superior

Court subsequently dismissed Petitioner's MAR on June 10, 2005, denying him all requested

relief.  On December 1, 2005, Petitioner filed a petition for writ of certiorari with the North

Carolina Court of Appeals, which was denied on December 16, 2005.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this

Court on February 27, 2006.  Pearson v. Beck, No. 1:06CV69-03-MU, 2008 WL 4186894

(W.D.N.C. Sept. 5, 2008).  He raised eight grounds challenging his convictions and sentences.

On September 5, 2008, the Court granted Respondent's Motion for Summary Judgment and

denied and dismissed the Petition.  Petitioner's appeal was dismissed, Pearson v. Beck, 323 F.

App'x 235 (4th Cir. 2009) (per curiam), and his subsequent petition for writ of certiorari in the

United States Supreme Court was denied, Pearson v. Keller, 562 U.S. 907 (2010).

Petitioner filed the instant § 2254 habeas Petition in this Court on October 9, 2016, when

he placed it in the prison mail system.  He raises three grounds challenging the same convictions

and sentences.

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly.  Rule 4, 28 U.S.C.A. foll. § 2254.  When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion.  Id.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides for an express limitation on a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition.  Accordingly, this petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner's Motion to Proceed without prepayment of fees and costs will be granted. Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or obtain leave from the Court to proceed without prepayment of fees and costs.  Petitioner's in forma pauperis motion

indicates that at the time he filed his habeas petition, Petitioner had been assigned prison employment for which he receives $40.00 per month. Petitioner indicates that he spends all of his wages on food. (Doc. No. 2.) Based upon the foregoing, the Court finds that Petitioner had insufficient funds to pay the $5.00 filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 20, 2016

Frank D. Whitney
Chief United States District Judge

4